```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT
JEANETTE RYAN                  :
                               :
v.                             :  CIV. NO. 3:08CV1151(WWE)
                               :
PAYCHEX, INC.                  :
```

RULING ON DEFENDANT'S MOTION TO COMPEL [Doc. #49] AND
       FOR ATTORNEY'S FEES AND COSTS [Doc. #51]

Pursuant to Rule 37 of the Federal Rules and Local Rule 37, the defendant, Paychex, Inc. ("Paychex"), moves to compel plaintiff (1) to appear for her continued deposition and respond directly and without interruption to questions posed by defense counsel; (2) to produce all documents that are responsive to Paychex's previously served requests for production; and (3) to provide complete and acurate responses to Paychex's interrogatories.  Paychex further requests an order governing counsel's behavior during plaintiff's deposition.  The Court heard argument on July 29, 2009 and, after careful consideration, **GRANTS** Defendant's Motions to Compel [Doc. #49] and for Attorney's Fees and Costs [Doc. #51].

Background

This case arises out of plaintiff's claim that Paychex unlawfully retaliated and discriminated against her on the basis of age and gender, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq.; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

1

A. Plaintiff's Deposition

At the start of her deposition, plaintiff was reluctant to answer questions.[1] As the deposition progressed, plaintiff became increasingly resistant to answering defense counsel's questions.[2] During some portions, in response to direct questions, plaintiff repeatedly attempted to refer to the testimony of Mr. Szymanski who was deposed the previous day. Plaintiff indicated that she wished to "refer back to [Mr. Szymanski's] deposition yesterday" and correct what she believed were "factual inaccuracies" in his testimony.  Ryan Dep. at 150-51.  When defense counsel instructed plaintiff to direct her attention to the question that had been asked, plaintiff's counsel interjected: "Now - now, let her answer - let her answer the question."  Ryan Dep. at 150-51.

Plaintiff's counsel also coached the witness at various points during her testimony which had the effect of disrupting the deposition and affecting the substance of the witness's

---

[1] Plaintiff had to be asked a total of eight times whether she believed that Paychex did not want to hire her because of her age before she answered it.

[2] Eventually, her resistance turned into an outright refusal, prompting defense counsel to begin asking the court reporter to mark portions of the transcript where plaintiff refused to provide a responsive answer to her questions.  See Ryan Dep. at 178-79 (refusing to answer the question whether, as a salesperson, she believed she should change her behavior in response to a customer's perception that she was being too pushy).

**2**

answers to the extent that she was relying on cues as to how she should answer the question.

During plaintiff's deposition, Paychex discovered that plaintiff had not produced more than 2000 documents that were responsive to the previously served Requests for Production.[3] Paychex also learned that plaintiff's interrogatory responses were inaccurate and incomplete, both at the time of the deposition and at the time they were verified under oath.[4]

Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and attorneys at depositions. Pursuant to that rule, a Court must allow additional time if it is needed to fairly examine a deponent, or if the deponent or another person "impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Due to the various disruptions during plaintiff's deposition and the late disclosure of documents, plaintiff is ordered to appear for a continued deposition to last no more than seven hours. This deposition may cover both information known at the time of the original deposition and the later disclosed information. If the deposition cannot be concluded in seven hours and plaintiff's counsel does not agree to additional time,

---

[3] Many, but not all, of these documents and releases have since been provided.

[4] Paychex served plaintiff with its First Set of Interrogatories and Requests for Production on November 6, 2008. Doc. #49, Ex. A.  On or about January 14, 2009, plaintiff provided responses.

Paychex is to make an immediate application to the court, indicating the remaining areas of questioning and approximate additional time requested.  Plaintiff will produce all outstanding discovery, including any information regarding unemployment benefits received by Ms. Ryan, within five (5) days of this ruling.

The Court orders the following rules to govern discovery in this case.

1. Directions to a witness not to answer questions will be limited to three instances: (1) when the question seeks privileged information; (2) if a question is posed for the purpose of harassment; or (3) when the question is clearly irrelevant and there is the likelihood of substantial prejudice to the witness or a party.  Directions not to answer are presumptively improper and any misuse or overuse may result in sanctions.

2. Suggestive objections will not be made; any further speaking objections which suggest how the witness should answer may be sanctionable.  Responses should generally be limited to the statement, "objection as to form" or other specific evidentiary basis or a direction not to answer as set forth above.

3. All objections are to be succinctly stated.

4. Attorney-client conferences should be kept to a minimum.

The defending attorney should not initiate a conference during the pendency of a question except to determine whether a privilege should be asserted.  Attorney-initiated conferences for any other purpose during the pendency of a question are presumptively improper; persistent conferences may be sanctionable.

    5.  The question is to be completely finished before anyone speaks.

    6.  If either party believes the other party is being abusive, counsel are to contact chambers immediately.

B. Costs and Expenses

    Defendant's request for an order awarding reasonable fees and costs associated with filing this motion is **GRANTED**.  Paychex will submit an expense affidavit to the Court for review.  Once approved, payment is to be made within thirty (30) days.

    This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is order of the Court unless reversed or modified by the district judge upon motion timely made.

    ENTERED at Bridgeport this 31st day of August 2009.

                            /s/
                    HOLLY B. FITZSIMMONS
                    UNITED STATES MAGISTRATE JUDGE