UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANETTE RYAN,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :     3:08-cv-1151 (WWE) |
| | : |
| PAYCHEX, INC.,<br>　　　　Defendant. | :<br>:<br>: |

## RULING ON VARIOUS MOTIONS

Plaintiff Jeanette Ryan alleges that she was discriminated and retaliated against in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Plaintiff also asserts a claim for intentional infliction of emotional distress. Now pending before the Court are (1) defendant's motion to dismiss and/or strike plaintiff's amended complaint (Doc. #73); (2) plaintiff's motion to amend her complaint nunc pro tunc (Doc. #79); (3) defendant's motion to strike plaintiff's amended complaint, filed as an exhibit to plaintiff's motion to amend (Doc. #86); and (4) plaintiff's motion to amend her motion to amend her complaint nunc pro tunc (Doc. #97).

## BACKGROUND

Plaintiff commenced this action with the filing of her complaint on August 1, 2008. Defendant filed a motion to dismiss and/or strike plaintiff's complaint on September 29, 2008 (Doc. #9); the Court denied such motion on November 5 (Doc. #13). Discovery commenced, and on March 11, plaintiff filed a motion to amend her complaint (Doc. #38). The Court granted this motion by minute entry on March 16 (Doc. #41), stating in the order that plaintiff "is instructed to file her amended complaint

1

within 5 days of the date of this order." On March 18, plaintiff filed a motion (Doc. #42) to modify the scheduling order to permit her to amend her complaint to assert claims related to her termination; at that point, plaintiff had not yet received right-to-sue authorization from the EEOC or the Connecticut Commission on Human Rights and Opportunities. The Court denied this motion in a minute entry (Doc. #43) instructing plaintiff to "refile her motion after she has received right-to-sue authorization from the EEOC and CHRO."

On August 5, after receiving approval from the Court, plaintiff filed a complaint entitled "Second Amended Complaint" (Doc. #70) even though there was no first amended complaint on the docket. Defendant then moved to dismiss this complaint in the first of the motions pending before the Court. In this first motion to dismiss and/or strike the amended complaint, defendant contends that plaintiff's claims under the Connecticut Fair Employment Practices Act ("CFEPA") are not properly before the Court because plaintiff did not file suit within ninety days of receiving the Release of Jurisdiction as required by section 46a-101(e) of the Connecticut General Statutes.

In response, on September 10, plaintiff moved to file her first amended complaint nunc pro tunc, arguing that good cause existed under Federal Rule of Civil Procedure 6(b)(2) for plaintiff's failure to file the amended complaint when instructed to do so earlier. Plaintiff also filed an opposition to defendant's motion to dismiss and/or strike. At the same time, plaintiff filed a "First Amended Complaint" (Doc. #80), titling it as an "exhibit" on the docket. On October 1, defendant moved (Doc. #86) to strike the first amended complaint as being filed without the Court's permission or defendant's consent as required by Federal Rule of Civil Procedure 15(a)(2). On October 23,

plaintiff moved to file her first amended complaint nunc pro tunc (Doc. #97).

## DISCUSSION

Federal Rule of Civil Procedure 15(a) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). As the Supreme Court has held, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). A district court may deny leave for "good reason" such as futility, bad faith, undue delay, or undue prejudice to the opposing party, but "outright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007).

Generally, the Court would allow plaintiff to amend her complaint because defendant has not shown any prejudice against it, discovery is still pending and the delay has been minimal. In this instance, however, amendment runs into a different hurdle. Namely, whether the time limit prescribed by Conn. Gen. Stat. § 46a-101(e) is firm or flexible? That is, can the Court extend the time limit to allow plaintiff to assert her CFEPA claim at this point?

Rule 6(b) of the Federal Rules of Civil Procedure permits the Court to extend the time in which to permit an act if good cause is shown to extend the time. If a motion under rule 6(b) is made after the time has expired, the party seeking more time must also show that it missed the deadline because of excusable neglect. Plaintiff's motions seek, in essence, an extension of time of the deadline set forth in section 46a-101(e), which provides that a plaintiff has ninety days after receiving permission to sue from the

CHRO in which to commence her action.

Connecticut courts have held that the ninety-day deadline of section 46a-101(e) is jurisdictional and cannot be extended.  See, e.g., Mulero v. Bridgeport Bd. of Educ., 2008 U.S. Dist. LEXIS 40882, *6-7 (D. Conn. May 21, 2008); Shyrer v. Associated Pulmonologists, 1996 Conn. Super. LEXIS 974, *6 (Conn. Super. Apr. 15, 1996).  It further follows that failure to adhere to the deadline bars a claim as a matter of law.  Because the bar is jurisdictional, the Court cannot extend the deadline for plaintiff to file an amended complaint to assert her CFEPA claims and, by implication, lacks the authority to permit plaintiff to file her amended complaint nunc pro tunc to an appropriate time.  See Santiago v. Newburgh Enlarged City Sch. Dist., 434 F. Supp. 2d 193, 197 (S.D.N.Y. 2006) (observing that Court is without power to deem a late-filed claim timely nunc pro tunc where statute of limitations has expired).  Therefore, the Court cannot allow plaintiff to assert her CFEPA claim that is barred by section 46a-101(e).[1]

Because of the confusing nature of the docket as it currently stands in light of the multiple complaints on the docket, plaintiff is instructed to file a new amended complaint in accordance with its ruling.[2]  To ensure that plaintiff's complaint does not significantly exceed Federal Rule of Civil Procedure 8's requirement that the complaint contain a "a short and plain statement of the claim" or draw the reasonable ire of defendant with its

---

[1] Because of this conclusion, the Court takes no position on whether counsel's failure to file the amended complaint constitutes "excusable neglect" based on the facts before it.

[2] The Court believes that the current operative complaint is the Second Amended Complaint (Doc. #70).

4

length and repetition, the Court will order the parties to confer prior to plaintiff filing her amended complaint. Should counsel be unable to meet without the Court's presence, the Court will schedule a status conference for Thursday, January 7, 2010 at 10:00 a.m. in chambers.[3]

The extraordinary step of having counsel confer is necessary in light of the Court's statements in its previous denial of defendant's motion to dismiss and/or strike plaintiff's complaint. There, the Court denied the motion even though it stated:

> Plaintiff's complaint is not the epitome of a properly structured pleading. It is long and suffers from numerous grammatical errors. In addition, certain sections are repetitious and contain materials that exceed the requirements for what must be included under Federal Rule of Civil Procedure 8.

Ryan v. Paychex, Inc., 2008 U.S. Dist. LEXIS 104111, *2 (D. Conn. Nov. 5, 2008). In response to this, plaintiff's proposed amended complaints are longer and more detailed than plaintiff's original complaint which was addressed in the quoted ruling. In a case such as the present one, the Court does not expect to see a 40-page, 179-paragraph complaint. Rather, the Court would expect a complaint no longer than 15-18 pages and 75-100 paragraphs. Even then, such a complaint would represent the long end of the spectrum.

---

[3]     Plaintiff's counsel should contact the Court no later than January 5 if the status conference should be canceled.

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motions to file its first and second amended complaints nunc pro tunc (Docs. #79, 97).  Further, the Court GRANTS IN PART defendant's motion to strike portions of plaintiff's "Second Amended Complaint" (Doc. #73) and GRANTS defendant's motion to dismiss plaintiff's "First Amended Complaint" (Doc. #86).  The parties are instructed to confer regarding plaintiff's new amended complaint, and plaintiff is instructed to file an amended complaint on or before January 15, 2010.

Dated at Bridgeport, Connecticut, this 14th day of December, 2009.

                                           /s/
                                    Warren W. Eginton
                                    Senior United States District Judge