| | |
|---|---|
| JEANETTE RYAN,<br><br>        Plaintiff,<br><br>v.<br><br>PAYCHEX, INC.,<br><br>        Defendant. | :<br>:<br>:    Civil Action No.: 3:08-CV-01151 (WWE)<br>:<br>:    November __, 2009<br>:<br>:<br>:<br>: |

## PROTECTIVE ORDER

It is hereby ordered by the Court that the following shall apply to information, documents, and excerpts from documents supplied by the parties to each other in response to discovery requests:

1.      Counsel for any party may designate any information or document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

2.      To protect the confidentiality and privacy of persons not party to this suit, both parties may redact names and certain confidential identifying information, including social security numbers. All protected material will be marked with the designation "REDACTED."

3.      Unless ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with this action, <u>Jeanette Ryan v. Paychex, Inc.</u>, Civil Action No. 3:08-cv-01151 (WWE) and will not be disclosed to any other person or entity not a party to this lawsuit, except as set forth in Paragraph 5.

3.

4. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with Rule 37(a) of the Local Rules of the District Court for the District of Connecticut, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court Rules.

5. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel of record;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown that confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

6. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court had enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7.  Before any confidential information is disclosed to the persons identified in Paragraphs 5(c) and (d), disclosing counsel shall first advise such persons of the terms of this Protective Order, provide such persons with a copy of this Protective Order, and have such persons sign and date a copy of this Order in acknowledgment of his or her agreement to be bound to the terms set forth herein. By signing a copy of this Order, the individual certifies that he or she: (1) will use the confidential information solely for the purposes of this case and will not disclose it to others; (2) at the end of this litigation, will return any documents containing confidential information to the counsel who provided it to him or her, and will erase all confidential information maintained in electronic form or on any computer or disc or tape; and (3) consents to the jurisdiction of this Court for purposes of enforcing this Protective Order. The counsel providing such confidential information shall maintain possession of the original signed Orders during this lawsuit. Upon Motion to the Court alleging improper disclosure of any confidential information, disclosing counsel shall give to opposing counsel the signed acknowledgment of any individual alleged to have made such improper disclosure.

8.  For the purpose of Paragraphs 5(d) and (e), any party filing any documents containing confidential information will move that such documents be sealed by the Court in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court.

9.  This Order, insofar as it restricts the communication and use of confidential material, and the required sealing of documents and pleadings, shall continue to be binding throughout and after the conclusion of this action, including any appeals.

10. The production or disclosure pursuant to the terms of this Order of some materials deemed confidential by a Party shall not waive or prejudice the right of the Party to object to the production or disclosure of other documents or information in this action or in any other action.

5.

11. At the conclusion of litigation, the confidential information referred to in Paragraph 1 and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.

Date: 1/13/2010

By the United Stated District Court

USMJ