```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

JEANETTE RYAN                   :
                                :
v.                              :  CIV. NO. 3:08CV1151(WWE)
                                :
PAYCHEX, INC.                   :
                                :
```

ORDER

Following two discovery conferences held on December 10, 2009 and January 13, 2010 it is hereby ORDERED that:

1. Defendant is to produce the personnel file of Mike Szymanski inasmuch as there is anything related to Ms. Ryan, age or gender discrimination, his performance reviews for 2007 and 2008, his resume, and anything contained in his supervisor's file that is related to Ms. Ryan. In addition, defendant is to produce anything contained in Mike Szymanki's personnel and supervisor file that indicates that Mike Szymanski's salary or compensation is related to the performance of Ms. Ryan. Responsive to Request No. 10.

2. Defendant is to produce the personnel file of Todd Hedges inasmuch as there is anything related to Ms. Ryan, age or gender discrimination and his performance evaluation for 2008. Responsive to Request No. 11.

3. Defendant is to produce anything in Jerry Giovinazzo's personnel file inasmuch as there is anything related to Ms. Ryan, age or gender discrimination. Responsive to Request No. 12.

1

4. Defendant will produce all memos of understanding, written by Mike Szymanski, during the years 2007 and 2008. Responsive to Request No. 13.

5. If Todd Hedges did not keep a file for Ms. Ryan, defendant is to state that in writing. Responsive to Request No. 14.

6. Defendant has produced Ms. Ryan's personnel and supervisor files. Defendant will designate which documents are from Ms. Ryan's supervisor file. Responsive to Request No. 18.

7. Defendant is to find out if the guidebook that was valid on 1/1/07 and 1/1/08 is available. If it is available, defendants will produce them to plaintiff. Responsive to Request No. 16.

8. Plaintiff's counsel is to narrow the number of paragraphs listed in Request No. 17. Once the request is narrowed, defendant will provide all documents that either support or refute the allegations contained in those paragraphs. Responsive to Request No. 17.

9. Defendant will produce all emails regarding Ms. Ryan's employment to and from Michael Szymanski between 1/1/07 and 12/15/08. Responsive to Request No. 19.

10. Defendant will produce a list of all training Michael Szymanski received. Defendant will produce the documents that correlate with the training that it finds relevant. If plaintiff

2

believes that additional training should be included in the production, the parties will attempt to reach an agreement.  If the parties cannot reach an agreement, contact the Court immediately.  Responsive to Request No. 21.

    11.   Request No. 23 is DENIED.

    12.   Defendant will produce any emails of from Kim Lewis around the sale in January 2008 for which Graham Murray was the financial advisor and Jerry Giovinazzo received the credit.  Responsive to Request No. 24.

    13.   Defendant will respond to Request No. 27.

    14.   Plaintiff will fax defendant a sample of the requested "synopsis" document.  Once provided, defendant will produce the "synopsis" sheets for 2007 where Graham Murray was the financial advisor.  Responsive to Request No. 28.

    15.   Defendant will produce the sales "synopsis" sheets for the one holdover list that Michael Szymanski was involved in that defendant is aware of.  If plaintiff is seeking additional information, she is directed to specify her request.  Responsive to Request No. 30.

    16.   Defendant will produce the "synopsis" sheet of Brad Hartmann regarding VinsonForbes Group LP.  Responsive to Request No. 31.

    17.   Defendant will produce any email in Mr. Giovinazzo's control that transmitted a 180 day list to Ms. Ryan in the year

2008.  Responsive to Request No. 32.

    18.  Defendant will produce all emails between Syzmanski and Giovinazzo that is related to a 180 day list between 11/07 and 12/15/08.  Responsive to Request No. 33.

    19.  Request No. 35 is overbroad as written.  Nonetheless, defendant states that it is not withholding any documents.

    20.  Defendant states that at this time there is no one to list, however, Paychex will supplement this answer over time.  Responsive to Interrogatory No. 2.

    21.  As discussed, defendant will respond to Interrogatory No. 3.

    22.  Defendant will clarify its response to Interrogatory No. 4.

    23.  Defendant has adequately responded to Interrogatory No. 6(a), (b), (c), (f), (g), and (h).  Once defendant finishes Ms. Ryan's deposition, it will clarify its response to (d) and (e).

    24.  Plaintiff will narrow Interrogatory No. 7.

    25.  Defendant will respond more completely to the subjective component of the evaluations conducted.  Responsive to Interrogatory No. 9.

    26.  Plaintiff will submit the portion of the transcript of the Michael Symanzki's deposition which refers to Ms. Ryan's fit for the company.  Responsive to Interrogatory No. 10.

    27.  Defendant will provide the date of birth and date of

hire for the named individuals and those who worked from Mr. Symanski from 2005-2009.  Responsive to Request No. 13.

28.  Defendant will provide plaintiff with a statement affirming that a preservation order was sent with the date it was sent.  Responsive to Request No. 15.

Accordingly, defendant's motion to compel discovery **[Doc. #104]** is **granted in part and denied in part** in accordance with this Order.

SO ORDERED at Bridgeport this 17th day of March 2010.

\_\_\_\_/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE